16-373-cr
*United States v. Naseer*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of August, two thousand nineteen.

PRESENT: DENNIS JACOBS,
JOSÉ A. CABRANES,
SUSAN L. CARNEY,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee*,            16-373-cr

v.

ABID NASEER,

*Defendant-Appellant*,

ADIS MEDUNJANIN, ZAREIN AHMEDZAY, AKA OMAR, FERID IMAM, AKA YOUSEF, AKA FARID IMAM, TARIQ UR REHMAN, AKA TARIQ UL-RAHMAN, FNU LNU, AKA AHMAD, AKA ZAHID, ADNAN EL SHUKRIJUMAH, AKA HAMAD,

1

*Defendants.*[*]

FOR APPELLEE:

DAVID K. KESSLER (David C. James, *on the brief*), Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney, Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT:

JAMES E. NEUMAN, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Abid Naseer ("Naseer") appeals from a judgment, entered on January 28, 2016, convicting him, after a jury trial, of conspiring to provide and providing material support to a foreign terrorist organization, namely al-Qaeda, in violation of 18 U.S.C. § 2339B(a)(1), and conspiring to use a destructive device, in violation of 18 U.S.C. §§ 924(c)(1)(B)(ii) and 924(o). He was sentenced to forty years' imprisonment and a lifetime of supervised release.

On appeal, Naseer principally argues that: (1) the District Court failed to ensure adequately that Naseer's waiver of his Sixth Amendment right to counsel was knowing and intelligent; (2) the District Court erred by admitting evidence regarding terrorist activity in which Naseer did not directly participate; and (3) the District Court procedurally erred by applying a four-level "aggravating role" enhancement pursuant to § 3B1.1(a) of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

## I. Standards of Review

"We review conclusions regarding the constitutionality of a defendant's waiver of counsel de novo, and supporting factual findings for clear error." *United States v. Hausa*, 922 F.3d 129, 134 (2d Cir. 2019) (internal quotation marks and alterations omitted). We review a trial court's evidentiary rulings for "abuse of discretion." *See United States v. Hendricks*, 921 F.3d 320, 326 (2d Cir. 2019); *see generally In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (recognizing that "abuse of discretion" is a nonpejorative term of art that implies no misconduct on the part of the district court). Finally, in evaluating the procedural reasonableness of a district court's Guidelines calculation, we review underlying factual findings as to the defendant's role in the offense for clear error. *United States v. Szur*, 289 F.3d 200, 218 (2d Cir. 2002).

## II. Waiver of Right to Counsel

The totality of the circumstances surrounding Naseer's waiver confirm that he fully understood the ramifications of his decision to waive his Sixth Amendment right to counsel at trial. *See United States v. Fore*, 169 F.3d 104, 108 (2d Cir. 1999) ("Whether a defendant's waiver is knowing and intelligent depends upon the particular facts and circumstances of the case and characteristics of the defendant himself."); *see also Hausa*, 922 F.3d at 134–35 ("Although there is no talismanic procedure to determine a valid waiver, the district court should engage the defendant in an on-the-record discussion to ensure that [he] fully understands the ramifications of [his] decision." (internal quotation marks omitted)).

The record amply establishes that Naseer had the capacity to make a knowing and intelligent decision; that he was aware of the seriousness of the charges he faced; and that he was aware that he had the choice between proceeding *pro se* and retaining court-appointed counsel. The record is also replete with admonitions from the experienced and careful District Judge about the risks of self-representation, including an express warning to Naseer that he would be disadvantaged in areas of trial procedure and discovery review. Finally, Naseer was repeatedly informed before trial that he could reconsider his decision to waive his right to counsel. Accordingly, Naseer's waiver was knowing and intelligent, and he suffered no constitutional deprivation as a result of the District Court's acceptance of his decision to represent himself.

## III. Evidentiary Rulings

Naseer principally argues that the District Court should have excluded as unduly prejudicial, inflammatory, and cumulative, select testimony from several of the Government's cooperating and expert witnesses, as well as al-Qaeda training video clips and documents recovered from Osama bin Laden's compound. We have considered each of Naseer's evidentiary arguments and conclude that they are without merit.

Under Federal Rule of Evidence 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, . . . or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "In reviewing Rule 403 challenges, we accord great deference to the district court's assessment of the relevancy and unfair prejudice of proffered evidence, mindful that it sees the witnesses, the parties, the jurors, and the attorneys, and is thus in a superior position to evaluate the likely impact of the evidence." *United States v. Quinones*, 511 F.3d 289, 310 (2d Cir. 2007) (internal quotation marks omitted).

Here, the challenged evidence helped establish the existence of a terrorism conspiracy, as well as the conspiracy's purpose and its *modus operandi*. Further, some of the challenged testimony provided necessary background that was critical to understanding Naseer's coded communications with al-Qaeda and his role in the broader terrorism conspiracy. Even assuming *arguendo* that it was error to admit some of the contested evidence, any such error was harmless, since the evidence of Naseer's guilt was overwhelming. *See Hendricks*, 921 F.3d at 326 ("Even where we conclude that a district court erred in admitting evidence under Rule 403, the error will nonetheless be deemed harmless if we conclude with fair assurance that the jury's judgment was not substantially swayed by the error." (internal quotation marks omitted)).

IV. Section 3B1.1(a) Enhancement

Naseer contends that the District Court erred in applying a four-level role enhancement pursuant to U.S.S.G. § 3B1.1(a), which provides that a defendant's offense level should be enhanced if he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Here, the District Court based the enhancement on the fact that Naseer regularly updated al-Qaeda leadership about ongoing attack preparations, and that a hierarchical organization like al-Qaeda would have trusted only a leader with direct communications. We conclude that the District Court's findings of fact—made after presiding over Naseer's two-week trial—were not clearly erroneous. Accordingly, the District Court did not procedurally err in applying a four-level role enhancement pursuant to § 3B1.1(a) of the Guidelines.

**CONCLUSION**

We have reviewed all of the remaining arguments raised by Naseer on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the January 28, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court